UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

L. CARLYLE MARTIN, et al.,

Plaintiffs,

v.

BANK OF AMERICA, et al,

Defendants.

NO: CV-11-452-RMP

ORDER ON MOTIONS TO DISMISS

Before the Court are Defendant General Mortgage's motion to dismiss, ECF No. 22, Defendant U.S. Bank's motion to dismiss, ECF No. 44, Defendant Bank of America's motion to dismiss, ECF No. 58, and Defendant JP Morgan Chase Bank's motion to dismiss, ECF No. 73. The Court has reviewed all of the motions and filings currently before the Court and is fully informed.

**APPLICABLE LAW**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In reviewing the sufficiency of a complaint, a court accepts all well-pleaded allegations as true and

construes those allegations in the light most favorable to the non-moving party. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citing *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir. 2008)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). However, "[r]ule 8(a) 'does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' to support the allegations." *Starr v. Baca*, 652 F.3d 1202, 1214 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556).

A court has a duty to construe pro se pleadings liberally. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Accordingly, a court must give a pro se plaintiff the benefit of the doubt and not hold the pro se plaintiff to the same standards as apply to formal pleadings drafted by lawyers. *Id.* This duty holds true even after the United States Supreme Court's decisions in *Iqbal* and *Twombly*. *Id.*

at 342 n.7. However, although a court must construe a pro se complaint liberally, that does not relieve the pro se plaintiff from the need to plead specific facts establishing the elements of a cause of action. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Generally, dismissals under Rule 12(b)(6) should be without prejudice, and leave to amend the complaint should be granted unless the plaintiff has acted in bad faith or amendment would be futile. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107-08 (9th Cir. 2003).

**DISCUSSION**

The Plaintiffs have filed two complaints. ECF Nos. 1, 29. The Plaintiffs also have moved for leave to file an amended complaint to which they have attached a proposed amended complaint. ECF No. 52. Neither of the two filed complaints alleges any facts. *See* ECF Nos. 1, 29. In both filings, under the section where one would anticipate finding the facts comprising the Plaintiffs' causes of action, the complaint directs the Court to reference an exhibit that is not attached. ECF Nos. 1 at 2, 29 at 2. The proposed amended complaint contains bare citations to authority, the names of various acts, a bare allegation of theft, an apology, and an assertion of damages. ECF No. 52. The proposed amended complaint fails to allege specific facts from which a plausible claim can be discerned. In short, even under the liberal pleading standards for pro se plaintiffs,

neither the filed complaints nor the proposed complaint state a claim upon which relief can be granted.

All four of the motions filed by Defendants urge this Court to dismiss the complaint with prejudice for failure to state a claim. ECF Nos. 23 at 3, 45 at 6, 59 at 1, 73-1 at 2. However, dismissals for failure to state a claim should generally be without prejudice and leave to amend the complaint should be granted unless the plaintiff has acted in bad faith or amendment would be futile. *Vess*, 317 F.3d at 1107-08. In light of the plaintiffs' pro se status, and the fact that the record is so sparse that the Court cannot say whether amendment would be futile, the Court will dismiss the complaint without prejudice and will grant leave for Plaintiffs to file an amended complaint.

The Court is cognizant of the fact that Plaintiffs have tried three times to draft a complaint, and all of those attempts have failed to state a claim. In light of that fact, the Court will allow Plaintiffs only one more opportunity to file an amended complaint. The Plaintiffs are reminded that, in order to state a claim upon which relief may be granted, a complaint must allege specific facts stating a plausible cause of action. *Iqbal*, 129 S. Ct. at 1949. Allegations that merely state a conclusion that defendants are liable are insufficient to meet the standard of Rule 8. *Id.*

Accordingly, **IT IS HEREBY ORDERED:**

1. The Defendants' motions to dismiss, **ECF Nos. 22**, **44**, **58**, **73**, are **GRANTED IN PART AND DENIED IN PART**.
2. The above-captioned complaint is **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**.
3. If the Plaintiffs decide to proceed in this case, the Plaintiffs will need to file a "Second Amended Complaint" with the Court containing a short and plain statement of the grounds upon which the court's subject matter jurisdiction depends. The second amended complaint must also include a short and plain statement of the claim in numbered paragraphs, each of which shall be limited as far as practicable to a single set of circumstances. In the "short and plain statement of the claim," Plaintiffs should indicate, among other things, the statutory basis for their cause of action and indicate concisely and directly how the named Defendants allegedly violated the statute(s). Finally, Plaintiffs' "Second Amended Complaint" needs to include a demand for judgment for the relief the Plaintiffs seek.
4. Plaintiffs' amended complaint will be titled "Second Amended Complaint" and it shall not incorporate by reference any part of any

previously filed Complaint, Motions, or Notices. The "Second Amended Complaint" shall be a wholly separate and self-contained document.

5. **Within thirty days of the date of this order**, Plaintiffs shall file their "Second Amended Complaint" with the Court. If the Plaintiffs choose not to file an amended complaint, the action will be dismissed without prejudice and the file will be closed.

6. Plaintiffs' Motion to Expedite, **ECF No. 28**, is **DENIED**.

7. In light of the fact that the Court concludes that oral argument is not warranted under LR 7.1(h)(3)(b)(iv), Plaintiffs' Motion for Oral Argument, **ECF No. 26**, is **DENIED**.

8. In light of the fact that Plaintiffs Roberta Kelly, Ian Wilson, and Ryan Wilson do not wish to proceed with this action, ECF No. 67, Plaintiffs Motions, **ECF Nos. 8**, **66**, are **DENIED AS MOOT**.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

9. In light of the dismissal of the complaint and the Court's grant of leave to amend, Plaintiff's motions, **ECF Nos. 30, 52**, **56, 67,** are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order and to provide copies to Plaintiffs and to counsel, and set a 30 day case management deadline entitled Plaintiff's Deadline to File Second Amended Complaint.

**DATED** this 23rd day of April 2012.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge