1

2

3

4

5                    UNITED STATES DISTRICT COURT

6                   EASTERN DISTRICT OF WASHINGTON

7  L. CARLYLE MARTIN, et al.,

                                        NO:  CV-11-452-RMP
8                        Plaintiffs,

          v.                            ORDER ON DEFENDANTS'
9                                       MOTIONS TO DISMISS

   USBANCORP [USBANK], et al.,
10
                         Defendants.
11

12        Before the Court are Plaintiffs' motion to amend complaint, ECF No. 80;

13  Bank of America's motion to dismiss, ECF No. 83; JP Morgan Chase Bank's

14  motion to dismiss, ECF No. 91; and U.S. Bancorp's and US Bank National

15  Association's motion to dismiss, ECF No. 94.  The Court has reviewed all the

16  motions, memoranda, and relevant filings and is fully informed.

17                            **BACKGROUND**

18        On April 23, 2012, the Court dismissed the Plaintiffs' complaint without

19  prejudice and with leave to amend.  ECF No. 77.  The dismissal was based on the

20  complaint's failure to state a claim under Rule 8(a).  The Court noted that the

ORDER ON DEFENDANTS' MOTIONS TO DISMISS ~ 1

Plaintiffs had drafted three complaints, all of which failed to state a claim.  ECF No. 77 at 4.

On April 30, 2012, the Plaintiffs filed an amended complaint, ECF No. 82, along with the present motion for leave to amend complaint, ECF No. 80.  On May 3, 2012, and without leave of the Court, the Plaintiffs filed their "Amended 'Second Amended Complaint.'"  ECF No. 89.  Bank of America, JP Morgan Chase Bank, U.S. Bancorp, and U.S. Bank National Association all moved to dismiss the complaint with prejudice for failure to state a claim.  ECF Nos.  83, 91, 94.  All of the motions to dismiss were noted for hearing on July 2, 2012, or July 3, 2012, without oral argument.[1]  ECF Nos. 84, 92, 96.  Mr. Martin did not file memoranda

---

[1]In a letter date July 10, 2012, Plaintiff L. Carlyle Martin communicated that he received no notice about any hearing held on July 2, 2012.  ECF No. 106.  First, the Court clarifies for the record that no in-person hearing occurred at the courthouse regarding the pending motions to dismiss on July 2, 2012.  The hearings were noted without oral argument, and the "hearing date" serves primarily as a date by which the motion becomes "ripe" for determination by the Court.  Second, the court record reflects that notice of both July 2, 2012, hearings was sent to Mr. Martin's address on file: 5630 North Greenwood Blvd., Spokane, Washington, 99205.  ECF Nos. 84 at 4, 92 at 3.  Furthermore, the Court concludes that the issues raised by the motion required no oral argument.  LR 7.1(h)(3)(b)(iv).

ORDER ON DEFENDANTS' MOTIONS TO DISMISS ~ 2

in opposition to any motion nor request any additional time in which to file a

response.

## APPLICABLE LAW

A complaint must contain "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  In reviewing the

sufficiency of a complaint, a court accepts all well-pleaded allegations as true and

construes those allegations in the light most favorable to the non-moving party.

*Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (citing

*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031-32 (9th Cir.

2008)).

"To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim of relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v.

Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* (citing

*Twombly*, 550 U.S. at 556).  However, "[r]ule 8(a) 'does not impose a probability

requirement at the pleading stage; it simply calls for enough fact to raise a

reasonable expectation that discovery will reveal evidence' to support the

allegations." *Starr v. Baca*, 652 F.3d 1202, 1214 (9th Cir. 2011) (quoting

ORDER ON DEFENDANTS' MOTIONS TO DISMISS ~ 3

1    *Twombly*, 550 U.S. at 556).

2         A court has a duty to construe pro se pleadings liberally.  *Hebbe v. Pliler*,

3    627 F.3d 338, 342 (9th Cir. 2010).  Accordingly, a court must give a pro se

4    plaintiff the benefit of the doubt and not hold the pro se plaintiff to the same

5    standards as apply to formal pleadings drafted by lawyers.  *Id.*  This duty holds true

6    even after the United States Supreme Court's decisions in *Iqbal* and *Twombly*.  *Id.*

7    at 342 n.7.  However, although a court must construe a pro se complaint liberally,

8    that does not relieve the pro se plaintiff from the need to plead specific facts

9    establishing the elements of a cause of action.  *Ivey v. Bd. of Regents of Univ. of*

10   *Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## DISCUSSION

12        As an initial matter, when Plaintiffs filed their second amended complaint,

13   the Plaintiffs contemporaneously filed a motion for leave to file that complaint.

14   ECF No. 80.  However, the Court had already granted the Plaintiffs leave to amend

15   their complaint.  ECF No. 77 at 5.  Accordingly, the Plaintiffs' motion for leave to

16   amend is moot.

17        The Defendants challenge the sufficiency of the amended complaints filed

18   by the Plaintiffs.  The allegations of wrongdoing contained in Plaintiffs' second

19   amended complaint, ECF No. 82, read verbatim as follows:

20        8.    Plaintiffs are, and at all times herein mentioned were, United
               States American citizens and consumers who in the
               securitization process of 200 Coyote Lane, Castle Rock,

ORDER ON DEFENDANTS' MOTIONS TO DISMISS ~ 4

Washington 98611, were defrauded intentionally by defendant(s) and cause irreparable harm
a. Plaintiffs' are *judicially* promised the fullest *legal* protection in their <u>claims</u>.

9.      Plaintiffs allege, on information and belief, that defendant(s) [and each of them], were unjustly enriched in the securitization adversity to Plaintiffs' herein.
a. Plaintiffs are *officially* promised protection in and through the *judicially equal rights' protection(s)*.

10.     Plaintiffs therefore seek complete transparency to defendant(s)' securitization profits unjustly enriching defendant(s) herein.

ECF No. 82 at 2-3 (emphasis and alterations in original).  The Plaintiffs seek a declaration that they hold title to a parcel of real property in Castle Rock, Washington, an injunction precluding Defendants from claiming title in said property, damages, and costs.  ECF No. 82 at 3.  Plaintiffs' allegations in their "Amended Second Amended Complaint" are identical.  ECF No. 89.

As the Court noted in its prior order dismissing the case, "a complaint must allege specific facts stating a plausible cause of action."  ECF No. 77 at 4 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  It is not enough to state conclusions of liability.  ECF No. 77 at 4.  Here, however, the amended complaints allege that Plaintiffs were "defrauded" causing "irreparable harm" and "unjust enrichment."  ECF No. 82 at 2.  The complaints do not provide any specific facts that would explain what Plaintiffs believe constituted fraud.  Even if the Court were to infer that the alleged irreparable harm and unjust enrichment related to a transfer of title

ORDER ON DEFENDANTS' MOTIONS TO DISMISS ~ 5

of the Castle Rock property, the complaints nowhere explain why transfer of title was wrongful.  Accordingly, the Plaintiffs have failed to state a claim upon which relief may be granted and the complaint should be dismissed.

In the previous order, the Court warned the Plaintiffs, due to the number of previous futile attempts by Plaintiffs to amend their complaint, that the Court would allow only one more amendment attempt.  ECF No. 77 at 4.  In light of the amended complaints' absence of allegations of any specific facts to support this lawsuit, the Court finds further amendments would be futile.  Additionally, further amendments would prejudice the Defendants by forcing them to expend funds to defend against amended complaints that do not state a claim.  Accordingly, the Court finds that dismissal in this case should be with prejudice.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Plaintiffs' motion to amend, **ECF No. 80**, is **DENIED AS MOOT**.

2. The Defendants' motions to dismiss, **ECF Nos. 83, 91, 94**, are **GRANTED**.

3. The above-captioned complaint is **DISMISSED WITH PREJUDICE** without costs or fees to either party.

/ / /

/ / /

/ / /

ORDER ON DEFENDANTS' MOTIONS TO DISMISS ~ 6

4.  **JUDGMENT** is be entered for the Defendants.

**IT IS SO ORDERED**.

The District Court Executive is hereby directed to enter this Order, to provide copies to Plaintiffs and to counsel, and **CLOSE** this file.

**DATED** this 24th day of September 2012.


_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER ON DEFENDANTS' MOTIONS TO DISMISS ~ 7